IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA EX.
REL. DEBRA'S GLASS INC.,

 Plaintiff,

 v.             Civil Action No. PX- 17-03564

THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,
*et al.*,

 Defendants.

**MEMORANDUM OPINION**

Plaintiff United States of America, for the use of subcontractor Debra's Glass, Inc. ("DGI") on a federal contract, filed this action against Defendant surety, The Insurance Company of the State of Pennsylvania ("AIG") pursuant to the Miller Act, 40 U.S.C. §§ 3131–34. ECF No. 1. AIG moved to stay the action pending the outcome of ongoing arbitration between the subcontractor DGI and its prime contractor on the federal project, SEMI USA ("SEMI"). ECF No. 10. The issue is fully briefed, and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons below, AIG's Motion to Stay Pending Arbitration is GRANTED.

**I. Background**

SEMI, as the prime contractor for the NASA Flight Projects Building 36 at the Goddard Space Center in Greenbelt, Maryland, had subcontracted with DGI for glass installation and curtainwall assemblies for the project, and then later for the installation of terracotta tiles. ECF No. 1 at ¶¶ 8 10, 11-12. AIG was the project surety. *Id*. The subcontracts between SEMI and

1

DGI require that "any disputes between Contractor and Subcontractor not resolved under Paragraph 29.2 shall be finally determined by binding arbitration in accordance with the current Construction Industry Rules of the American Arbitration Association by one or more arbitrators selected in accordance with said Rules." ECF No. 10 at 6.

After the construction work was completed, a payment dispute arose between DGI and SEMI. DGI alleges that SEMI has not paid DGI for its work, while SEMI alleges that DGI failed to perform the work in accordance the subcontract's terms. ECF No. 10 at 3. On May 11, 2017, SEMI filed a demand for arbitration with the American Arbitration Association ("AAA"), to which DGI responded with an answering statement and counterclaim on May 30, 2017. *Id.* Thereafter, on November 30, 2017, DGI filed the Complaint in this case against the surety, AIG, to obtain prompt collection of payments as required under the Miller Act. ECF No. 1 at ¶ 1. DGI alleges that SEMI owes DGI $ 581,933.38 for work performed on the subcontracts, *id.* at ¶ 21, and $1,151,191.73 of additional "overrun" damages arising from the related delay in construction. *Id.* at ¶ 32. On January 25, 2018, AIG filed a motion to stay this case pending arbitration. *See* ECF No. 10.

**II.     Motion to Stay Pending Arbitration**

A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket. *Landis v. North American*, 299 U.S. 248, 254 (1936). When considering a motion to stay, the Court balances judicial economy, hardship to the moving party, and potential prejudice to the non-moving party. *American Home Assurance Co. v. Vecco Concrete Constr. Co.*, 629 F.2d 961, 964 (4th Cir. 1980). The Court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *U.S. ex rel. MPA Const., Inc. v. XL*

*Specialty Ins. Co.*, 349 F. Supp. 2d 934, 940 (D. Md. 2004). The Federal Arbitration Act ("FAA") directs that this Court shall stay its own case where the parties have agreed in writing to arbitrate claims. *See* 9 U.S.C. § 3. ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…").

Here, the Subcontract's mandatory arbitration provision is subject to the Federal Arbitration Act. *See* 9 U.S.C. § 3; *XL Specialty Ins. Co.*, 349 F. Supp. 2d at 940; *accord Developers Sur. and Indem. Co. v. Resurrection Baptist Church*, 759 F. Supp. 2d 665, 669–70 (D.Md. 2010). AIG has moved for a stay of this case pending the outcome of the ongoing arbitration proceedings between SEMI (the principal in AIG's payment bond) and Defendant DGI. ECF No. 10 at 1. DGI contends that AIG's motion amounts to a bald attempt to delay litigation and runs counter to the requirements and spirit of the Miller Act, which demand timely payment by a surety. ECF No. 12 at 2. DGI relies heavily on this Court's decision in *United States for use & benefit of Tusco, Inc. v. Clark Constr. Grp, LLC*, 235 F. Supp. 3d 745 (D. Md. 2016). *See generally* ECF Nos. 12 & 16. The Court disagrees with DGI's analysis.

In *Tusco*, the surety moved to stay the litigation, invoking a clause in the subcontract that required exhaustion of specific dispute resolution procedures. *Id.* The Court denied the motion, finding that such an argument "ignore[d] established case law to the effect that 'the principal's and the surety's liability are only coextensive to the extent permitted by the terms of the Miller Act.' " *Tusco*, 235 F. Supp. 3d at 758. DGI argues that *Tusco* is yet one example in a

3

"developing national trend disfavoring the invocation of stays by sureties to enforce payment clauses in Miller Act cases." *See* ECF No. 12 at 4.

Critically, however, neither *Tusco* nor any of the cases upon which DGI relies have addressed the enforcement of arbitration provisions governed by the Federal Arbitration Act in the context of Miller Act claims. *See Tusco*, 235 F. Supp. 3d at 758 (denying a stay until the parties exhausted alternative dispute resolution proceedings); *U.S. v. Zurich American Ins. Co.*, 99 F. Supp. 3d 543, 549–50 (E.D. Pa. 2015) (denying stay through completion of the primary contract's dispute resolution process); *U.S. ex rel Kitchens To Go v. John C. Grimberg Co.*, 283 F. Supp. 3d 476, 487–88 (E. D. Va. 2017) (denying stay for the completion of alternative dispute resolution proceedings between the primary contract parties); *U.S. v. Continental Casualty Co.*, ELH-16-3047, 2017 WL 3642957, at *15 (D. Md. Aug. 24 2017) (finding that the Contracts Dispute Act did not support a stay of the case).[1] In failing to recognize this important distinction, DGI "ignores a long history of Miller Act cases which resolve the tension between the Miller Act and the Federal Arbitration Act (FAA) by staying the Miller Act claim pending arbitration of the underlying dispute." *U.S. ex rel. MPA Const., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 941 (D. Md. 2004) (quoting *U.S. ex rel. Tanner v. Daco Constr., Inc.,* 38 F.Supp.2d 1299, 1304–05 (N.D. Okla. 1999)); *see also U.S. ex rel. Milestone Tarant, LLC v. Fed. Ins. Co.,* 672 F. Supp. 2d 92, 104 (D.D.C. 2009) (citing cases); *U.S. ex rel. Harbor Constr. Co., Inc. v. T.H.R. Enterprises, Inc.,* No. 4:17-CV-146, 2018 WL 1999538, at *7 (E.D. Va. Apr. 26, 2018).

---

[1] DGI also cites *Walton Tech., Inc. v. Weststar Engineering, Inc.*, 290 F.3d 1199, 1205 (9th Cir. 2002) to support its position regarding denial of a requested stay. *See* ECF No. 12 at 4. *Walton Tech* did not involve the propriety of staying a case brought under the Miller Act in favor of arbitration. Rather, *Walton Tech* resolved whether a subcontractor could implicitly waive its Miller Act rights by agreeing to a "pay when and if paid" clause that delays payment to the subcontractor until after the contractor is paid by the United States. While this issue is sometimes discussed in relation to stays of Miller Act litigation, *see generally Tusco*, 235 F. Supp. 745, DGI's representation that *Walton Tech* "deni[ied] the stay request" is not accurate. *See* ECF No. 12 at 4.

Further, in weighing the considerations of the Miller Act and the FAA on a surety's motion to stay, courts have routinely found it necessary to prioritize the FAA. *See, e.g. XL Specialty Ins.*, 349 F. Supp. 3d at 941; *Harbor Constr. Co.*, 2018 WL 1999538, at *6–*7; *U.S. ex rel. Vining Corp. v. Carothers Const., Inc.*, No. CAR-09-438, 2010 WL 1931100, at *4–*5 (M.D. Ga. May 12, 2010); *U.S. v. Sundt Const., Inc.*, No. PHX-LOA-07-673, 2007 WL 1655976, at *2–*3 (D. Az. June 7, 2007). To hold otherwise would render a subcontract's FAA arbitration provision "meaningless, and, in every public works project where the subcontractor agree[d] to a similar clause, the subcontractor could circumvent the arbitration provision by suing the surety." *Harbor Constr. Co.*, 2018 WL 1999538, at *7 (quoting *Tanner*, 38 F. Supp. 2d at 1306)).

Staying this action also makes good sense, and so the Court will exercise its discretion in staying the case pending the outcome of arbitration. *See Landis v. North American*, 299 U.S. 248, 254 (1936). The common questions of fact between this action and the arbitration proceedings, as well as the risk of inconsistent outcomes, weigh heavily in favor of a stay. This is especially so when considering that a stay will not result in unfair delay because arbitration is already "well underway" and formal proceedings begin *this month*. *See* ECF No. 13 at 3–6. Accordingly, the Court grants AIG's motion and stay this action through the completion of arbitration proceedings.

### III. Conclusion

For the reasons stated in the foregoing Memorandum Opinion, it is this 13th day of June, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion to Stay Pending Arbitration by AIG, ECF No. 10, BE, and the same hereby IS, GRANTED insofar as the Court hereby STAYS this action through the completion of arbitration;

2. The parties are directed to submit a joint written status report within ten days after the conclusion of arbitration proceedings.

3. The Clerk shall transmit copies of this Memorandum Opinion and Order to counsel for the parties.

| | |
|---|---|
| _6/13/2018_ | _____/s/_____ |
| Date | Paula Xinis |
| | United States District Judge |